UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


JUSTIN ANTHONY KUDLA,                    CIVIL NO. 14-2071 (PJS/JSM)

      Petitioner,

v.                                       <u>REPORT AND RECOMMENDATION</u>

TOM ROY,
*Department of Corrections Commissioner,*

      Respondent.


      JANIE S. MAYERON, United States Magistrate Judge

      This matter is before the undersigned United States Magistrate Judge on the petition for a writ of habeas corpus of petitioner Justin Anthony Kudla.   *See* 28 U.S.C. § 2254; Petition [Docket No. 1].   The Petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   This Court has conducted a preliminary review of Kudla's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   Based on that review, this Court recommends dismissal of Kudla's petition without prejudice for failure to exhaust state remedies.

## I.    BACKGROUND

      Kudla was convicted after a jury trial in Sherburne County, Minnesota on two counts of making terroristic threats and two counts of domestic assault.   *See State v. Kudla*, No. A12-0619, 2013 WL 490720, at *1 (Minn. Ct. App. Feb. 11, 2013).   Kudla's conviction was affirmed by the Minnesota Court of Appeals on direct review.   *Id.* at *5.

Kudla then filed a petition with the Minnesota Supreme Court for further review; this petition was denied.

On June 23, 2014, Kudla petitioned this Court for a writ of habeas corpus pursuant to § 2254. Kudla raised two grounds for relief in his petition. First, Kudla argued that the trial court violated his constitutional right to due process of law by permitting the introduction of overly prejudicial evidence. *See* Petition at 5. Second, Kudla argued that the trial court erroneously instructed the jury on the burden of proof needed for conviction, again in violation of his constitutional right to due process of law and also in violation of his constitutional right to a fair trial. *Id*. at 7.

In an order dated August 4, 2014, this Court noted that the Minnesota Court of Appeals decision affirming his conviction "makes no reference to any federal constitutional right, or any claim that Petitioner may have made that his federal constitutional rights were violated." Order, August 4, 2014 at 4 [Docket No. 5]. It therefore appeared to this Court that Kudla may not have exhausted the constitutional claims raised in his habeas petition before the Minnesota state courts, as required under 28 U.S.C. § 2254(b). Accordingly, Kudla was ordered to file a written response "which explains how the federal constitutional nature of each one of Petitioner's current claims for relief were fairly presented to the Minnesota state courts, including the Minnesota Supreme Court." Order at 5. Kudla has now filed that response and has submitted his brief to the Minnesota Court of Appeals and his petition to the Minnesota Supreme Court. His habeas petition is therefore again ripe for review under Rule 4 of the Rules Governing 2254 Cases.

2

## II.    ANALYSIS

Section 2254 provides that a district court will entertain a petition for writ of habeas corpus submitted by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b) and (c).   To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court.   *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve *federal constitutional claims* before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") (emphasis added).   This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.   To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), *thereby alerting that court to the federal nature of the claim.*

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted; emphasis added).   "A petitioner meets the fair presentation requirement if the state court rules on

3

the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).   While a state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts, nevertheless, if a claim is based on the federal constitution, the prisoner must "fairly present the facts and substance of his habeas claim to the state court."   *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006); *accord McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("Mere similarity between the state law claims and the federal habeas claims is insufficient:  'If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam)).   Additionally, "[t]o be fairly presented a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement."   *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quotation omitted); *accord Adams v. Robertson,* 520 U.S. 83, 89 n.3 (1997) ("[P]assing invocations of 'due process' . . . [that] fail to cite the Federal Constitution or any cases relying on the Fourteenth Amendment . . . [do] not meet our minimal requirement that it must be clear that a *federal* claim was presented").

A review of Kudla's petition to the Minnesota Supreme Court reveals that he did not adequately present the federal nature of his claims to that court and therefore did not exhaust state remedies for his habeas claims.   First, with respect to the claim that

4

unfairly prejudicial evidence was introduced at trial, this claim was presented to the Minnesota Supreme Court strictly as a matter of interpreting Minnesota state law, and not as a claim that Kudla's federal constitutional rights were violated. *See* Petition for Review at 8 [Docket No. 7-1] ("This Court should grant review of the relationship evidence issue because it involves the construction of [Minn. Stat. § 634.20], and there are other [Minnesota] Court of Appeals' decisions that interpret the statute differently."). No "specific federal constitutional right," "particular constitutional provision," "federal constitutional case," or "state case raising a pertinent federal constitutional issue" is cited in the section of Kudla's petition for review discussing the evidentiary issue. *Cox*, 398 F.3d at 1031 (quotations omitted).   The Minnesota Supreme Court thus would have had no basis for believing that Kudla was raising a federal constitutional challenge to his conviction, as opposed to a challenge grounded entirely in state law.   And because the federal constitutional nature of Kudla's claim was not presented to the Minnesota Supreme Court, he has failed to exhaust the remedies available in the Minnesota state courts with respect to this claim.

Second, with respect to the claim that the trial court incorrectly informed the jury as to the government's burden of proof, Kudla again failed to cite any federal right, constitutional provision, federal case, or state case raising a federal issue in his petition for review to the Minnesota Supreme Court.   Indeed, Kudla cited *nothing* in his petition for review to the Minnesota Supreme Court regarding this claim except the Minnesota Court of Appeals decision affirming his conviction. *See* Petition for Review at 9-10. Moreover, the Minnesota Court of Appeals decision affirming Kudla's conviction did not rely on any federal case or federal constitutional provision in deciding this claim; that

5

decision instead relied entirely on Minnesota state law and state-law decisions. *See Kudla*, 2013 WL 490720, at *5. Finally, although Kudla does refer to "core principles that are at the bedrock of criminal jurisprudence" in his petition for review, this passing reference towards possible federal constitutional concerns, by itself, was insufficient to alert the Minnesota Supreme Court as to the federal nature of the claim being presented. *See Adams v. Robertson,* 520 U.S. at 89 n.3. Accordingly, this claim too has not been exhausted before the Minnesota state courts.

Because Kudla has failed to fully exhaust the remedies available in the Minnesota state courts for the claims presented in his habeas petition, this Court will recommend that this action be summarily dismissed pursuant to § 2254(b), (c), and Rule 4 of the Rules Governing Section 2254 Cases. This Court recommends that the action be dismissed without prejudice, however, so that Kudla can return to the state courts and attempt to exhaust his presently unexhausted claims by filing a motion for post-conviction relief pursuant to Minn. Stat. § 590.01.[1]

## III.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1);

---

[1]    At this point, it cannot be determined whether the state courts actually will adjudicate Kudla's claims on the merits in a post-conviction motion. If any of the claims are found to be procedurally barred in the state courts, those claims will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. *See Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) ("Federal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.'" (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

Fed. R. App. P. 22(b)(1).   A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would find that Kudla has exhausted state remedies with respect to the claims raised in his habeas petition.   It is therefore recommended that Kudla should not be granted a COA in this matter.

## IV.   RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1.      The petition for a writ of habeas corpus of petitioner Justin Anthony Kudla [Docket No. 1] be DENIED.

2.      This case be DISMISSED WITHOUT PREJUDICE.

3.      No certificate of appealability be issued.

Dated:      October 29, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 12, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.   A party may respond to the objecting party's brief within fourteen days after service thereof.   All

briefs filed under this rule shall be limited to 3500 words.   A district judge shall make a de novo determination of those portions of the Report to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.